**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NUMBER 1:24-CR-00003-MJT** |
| | § | |
| | § | |
| | § | |
| **JOSE HERNANDEZ-AYALA** | § | |

**REPORT AND RECOMMENDATION ON**
**THE DEFENDANT'S COMPETENCY TO STAND TRIAL**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

On October 10, 2024, Defendant filed a motion seeking a psychiatric or psychological exam to determine if Defendant was suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and the court granted that motion on October 14, 2024. (Docs. #21, #23.)  Defendant was subsequently evaluated by Dr. E. Gonzalez, Ph.D., Forensic Psychologist at the Metropolitan Detention Center in Los Angeles, California and found competent.

Dr. Gonzalez's psychiatric report concludes that there was no objective information or evidence to suggest that Defendant is suffering from a mental disease or defect which renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  (Doc. #25.)

1

A competency hearing was conducted on April 14, 2026.  At the hearing, Defendant appeared in court with his counsel, Alejandro Macias.  Mr. Macias did not present any objections to Dr. Gonzalez's opinion on competency.  Neither the Government nor the defense objected to the psychological report's results and findings.

The undersigned concludes that Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.  Defendant has a rational and factual understanding of the proceeding against him, and has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding.  18 U.S.C. § 4241(d); *see also Dusky v. United States,* 362 U.S. 402 (1960)

### RECOMMENDATION

The court should find Defendant competent to stand trial because he understands the nature and consequences of the proceeding against him and is able to assist in his defense.  *See* 18 U.S.C. § 4241.  It is further recommended that the speedy trial time be excluded from October 10, 2024 (the date Defendant filed an Unopposed Motion for Psychiatric Exam), until the date on which the District Judge signs the order adopting this report and recommendation.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation.  Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length.  *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a *de novo*

determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 14th day of April, 2026.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

3